IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STEPHEN HEMMES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

OPINION and ORDER

18-cv-868-wmc
16-cr-100-wmc

    Under 28 U.S.C. § 2255, Stephen Hemmes seeks to vacate his conviction and sentence. In 2016, Hemmes was charged in a one-count indictment with knowingly transmitting in interstate commerce a communication threatening to injure a specific person, with the purpose of issuing the threat and with knowledge that the communication would be understood as a threat, in violation of 18 U.S.C. § 875(c). Hemmes pleaded guilty and prior to sentencing sought leave to represent himself at sentencing, which the court allowed. After the court denied Hemmes' motion to withdraw his guilty plea, the court sentenced Hemmes to 36 months' incarceration, to be followed by three years' supervised release.

    This matter is currently before the court for preliminary review under Rule 4 of the Rules Governing Section 2255 Cases. Specifically, Rule 4 requires this court to evaluate whether the lawsuit crosses "some threshold of plausibility" before the government will be required to answer. *See Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). In conducting this review, the court has considered the substance of Hemmes' § 2255 petition and the materials from his

1

underlying criminal conviction and sentencing in this court. Since these materials do not suggest that he has a plausible claim for relief, it will be denied.

## RELEVANT BACKGROUND

On December 7, 2016, Stephen Hemmes was charged in a one-count indictment with violating 18 U.S.C. § 875(c). The indictment specifically alleged that on or around November 9, 2016, Hemmes "communicated via cell phone from Nevada, to a security officer at Edgewood College in Madison, Wisconsin, and told the officer that he (Hemmes) would drive 'there' and shoot the specific person, a student at the college." (CR, Indictment[1] (dkt. #2).)

Hemmes and the government entered into a plea agreement, in which the government agreed that the guilty plea would "completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin" related to the conduct described in the indictment. (CR, Plea Agreement (dkt. #12).) On April 21, 2017, the court held a plea hearing and accepted Hemmes' guilty plea. Hemmes testified that he understood the proceedings and the nature of the charge he was facing, and that he had sufficient time to discuss those issues as well as the evidence the government had to support it charge and the potential sentences he was facing. (CR, Plea Hr'g. Tr. (dkt. #33) 5-6.) After walking through these issues in detail with Hemmes, the government submitted its proffer of the evidence it would use at trial to prove its charge, which would include testimony from Edgewood security officer who would testify that on November 9,

---

[1] The court cites filings in the underlying criminal case, No. 16-cr-100-wmc, with the designation "CR."

2016, at about 2:00 a.m., he received a phone call from a male who later identified himself as Stephen Hemmes, and who said he needed help with a student and stated: "You better do something, man, or there's going to be some Columbine shit." (*Id.* at 13-15.) The officer would also testify that Hemmes told him that the student's mother used to be his girlfriend and after she broke up with him, his former girlfriend and the student had hacked his computer, put child porn on it and reported them to the police. Finally, the officer would testify that Hemmes told him he lived in Las Vegas, which was only a 20-hour drive from Edgewood, and the officer should do something because, "You don't want that at your school." (*Id.* at 15.)

The government also represented that it would submit testimony from a law enforcement officer, who would testify that Hemmes made complaints in June of 2016 to law enforcement in Baraboo, Wisconsin, and Sauk County, Wisconsin similar to those Hemmes allegedly made to the Edgewood security officer. Finally, the government would submit cellular telephone records showing that Hemmes was listed as the subscriber to the number provided to the Edgewood security officer, he had an address listed in Las Vegas, Nevada, and that the call was made from Las Vegas. (*Id.* at 16.) Hemmes agreed that the government would be able to prove the charge, and he admitted that he made the call to Edgewood College, spoke with a security officer and made the threat as described by the government, including the specific reference to Columbine, knowing about that school shooting. (*Id.* at 17.)

During the July 10, 2017, sentencing hearing, however, the court concluded that there was a question as to whether Hemmes was suffering from a mental disease or defect that posed a risk of violence. Accordingly, the court continued the sentencing and ordered

3

Hemmes to undergo a psychiatric or psychological evaluation. (CR, 7/11/17 Order (dkt. #25).) On July 17, 2017, Hemmes' attorney filed a motion to withdraw, and two days later Hemmes filed a motion to remove his counsel. (CR (dkt. ##26, 27).) The court granted the motion to withdraw and denied Hemmes' motion as moot. (CR, 8/21/17 Order (dkt. #30).) The court then appointed new counsel, Toni Laitsch, to represent Hemmes on September 12, 2017, but on November 1, 2017, Laitsch filed a motion to withdraw as well. The court received the psychological report for Hemmes on November 2, 2017.

On December 12, 2017, Magistrate Judge Stephen Crocker held an *ex parte* hearing with Hemmes and Laitsch to discuss Hemmes' wish to represent himself at the continuation of the sentencing hearing, with Laitsch to serve as stand-by counsel. The court ultimately granted Hemmes' request, having confirmed that Hemmes understood that he had pled guilty and was subject to a maximum sentence of five years' imprisonment, and having conducted a *Faretta* colloquy. (CR, 12/12/17 Hr'g Tr. (dkt. #42).)

On January 4, 2018, the court completed Hemmes' sentencing hearing. Hemmes represented himself with stand-by counsel available, and Hemmes made an oral motion to withdraw his previously accepted plea of guilty, apparently claiming that his attorney had been ineffective in accepting the stated version of the facts and because he had concerns with how the presentence investigation report described state court extortion charges. Hemmes further stated that his former counsel told the court that the state court charges would be dismissed, but they were subsequently re-filed. In response, the court asked Hemmes whether his counsel actually told him that the state charges would not be re-filed, and Hemmes responded no. Still, Hemmes claimed he would have taken the case to trial if he knew the state charges would proceed. When court pressed him on *why* he would go

4

to trial given the government's evidence, Hemmes admitted that he was guilty but wanted to challenge the inclusion of the state court charges in his presentence report. Accordingly, the court denied his motion to withdraw and proceeded to sentencing.

OPINION

Hemmes seeks relief on two grounds: (1) the state's refiling charges against him violated the terms of the plea agreement; and (2) the investigating detective lied in his investigation and charged him with crimes for exercising his constitutional rights. However, relief under § 2255 "is reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), involving "errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice," *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). Moreover, section 2255 petitions are "neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted).

The grounds for relief set forth in Hemmes' § 2255 motion are subject to immediate dismissal. First, Hemmes' challenge to the investigation underlying his criminal charges is a complete non-starter. For one, Hemmes appears to be challenging the validity of the investigation that resulted in his *state* court charges, not his federal charge. He makes no mention of the phone call that was the subject of the federal indictment, and instead maintains that certain investigators falsified charges against him in state court. Even assuming for the sake of argument that Hemmes actually intended to challenge the evidence related to the November 9, 2016, phone call that was the subject of his federal

5

indictment, Hemmes pleaded guilty to the federal charge, and at no point during the proceedings leading up to, and including, his sentencing hearing, did he suggest that the government would be unable to prove the charge in the indictment. *United States v. Langer*, 668 F. App'x 168, 169 (7th Cir. 2016) ("By pleading guilty, [the defendant] waived his right to contest the sufficiency of the evidence.").

That leads to Hemmes' other argument, that he did not enter into the plea agreement knowingly and voluntarily because the state charges against him were re-filed. Yet Hemmes raised this argument during his sentencing hearing, framing it as an argument that his attorney rendered ineffective assistance of counsel in informing him the state court charges would be dismissed. Hemmes did not appeal the court's denial of his motion to withdraw, and a § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal." *McCleese*, 75 F.3d at 1177 (citations omitted). "A claim that has been procedurally defaulted ordinarily may only be raised in a § 2255 proceeding if the defendant demonstrates that he is 'actually innocent,' or that there is 'cause' and actual prejudice." *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). Hemmes' only explanation as to why he failed to appeal this court's denial of his motion to withdraw his guilty plea is that he was preoccupied by his state criminal proceedings. That is not the type of objective impediment that prevented him from pursuing an appeal.

More importantly, Hemmes could not show prejudice since there is no indication that his plea was unknowing or involuntary. *See United States v. Broce*, 488 U.S. 563, 574 (1989); *see also Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (a guilty plea is constitutionally valid "if done voluntarily, knowingly, and intelligently, 'with sufficient

6

awareness of the relevant circumstances and likely consequences'" (internal citation omitted)). Indeed, in attempting to withdraw his guilty plea at sentencing, Hemmes did not disavow his testimony from the plea hearing and instead focused on his belief that if he pleaded guilty the state charges would be dismissed. However, Hemmes' plea agreement made no mention of the dismissal of state court proceedings, and Hemmes admitted that his attorney never suggested, much less promised, the state charges would not be re-filed. Moreover, at sentencing Hemmes once again admitted that he was guilty of the charges he was facing. That, and the court's impression that Hemmes was well-aware of the ramifications and terms of the plea agreement, caused the court to deny his motion to withdraw. In his petition, Hemmes makes no attempt to confront the court's reasoning in denying his motion to withdraw his guilty plea or in any way suggest that his attorney had promised him that the state charges could not be re-filed. As such, there is no basis to conclude that Hemmes' plea was not knowing and voluntary. Accordingly, Hemmes' claim is both procedurally defaulted and fails on the merits.

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), meaning that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). For all the reasons just discussed, Hemmes has not made such a showing. Therefore, a certificate of appealability will not issue.

ORDER

IT IS ORDERED that:

(1) Stephen Hemmes' petition under 28 U.S.C. § 2255 (dkt. #1) is DENIED.

(2) No certificate of appealability will issue.

Entered this 25th day of January, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge